IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY OFFICE

| | | |
|---|---|---|
| ERIC PLESSNER, | ) | |
| | ) | |
| Plaintiff, | ) | 1:21-cv-10121 |
| | ) | |
| v. | ) | |
| | ) | |
| REALCHEK LEGAL SERVICES, PLC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, ERIC PLESSNER, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, REALCHEK LEGAL SERVICES, PLC., the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. ERIC PLESSNER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Auburn, County of Bay, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Bruce Pynnonen (hereinafter, "the Debt").

6. The Debt was for a rental home at which Plaintiff previously resided and was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. REALCHEK LEGAL SERVICES, PLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Michigan. Defendant is incorporated in the State of Michigan.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about May 30, 2007 the aforementioned Debt was reduced to a judgment by the original creditor.

15. The aforementioned debt has been unpaid since the date of the entry of the judgment in 2007.

16. Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq*.

17. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

18. Pursuant to 15 U.S.C. §1681s-2(a)(5), Defendant is under a statutory duty to report to the credit reporting agencies the true and accurate date of first delinquency as to the Debt so that the credit reporting agencies to which the debt is reported can comply with 15 U.S.C. § 1681c(a)(4).

19. When Defendant reported the Debt to the credit reporting agencies, it misrepresented the date of Plaintiff's first delinquency relative to the Debt as being, upon information and belief, March of 2017, effectively "re-aging" the Debt and resulting in the Debt appearing on Plaintiff's credit report beyond the seven (7) obsolescence time frame.

20. Whereas the Debt is currently obsolete from credit reporting under 15 U.S.C. § 1681c(a)(4), Defendant has reported information to the credit bureaus that would cause the Debt to remain on Plaintiff's credit reports until February of 2024.

21. Defendant's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

22. In its attempts to collect the debt allegedly owed by Plaintiff to Bruce Pynnonen, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ERIC PLESSNER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ERIC PLESSNER**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: January 17, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com